UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERNEST PAGAN : | CIVIL CASE NO. |
| : | 3:24-CV-01535 (JCH) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| NORTH ATLANTIC STATES : | JULY 25, 2025 |
| REGIONAL COUNCIL OF : | |
| CARPENTERS, : | |
| : | |
| Defendant. : | |

**RULING ON MOTION TO AMEND COMPLAINT (DOC. NO. 24)**

**I.      INTRODUCTION**

The plaintiff, Ernest Pagan, brings this suit against the North Atlantic States Regional Council of Carpenters (hereafter, "the defendant"), which action the defendant removed from state court pursuant to this court's federal question jurisdiction under 28 U.S.C. § 1331.  See Notice of Removal (Doc. No. 1).

Before the court is the plaintiff's Motion for Leave to File Amended Complaint. Plaintiff's Motion for Leave to File Amended Complaint (hereafter, "Pl.'s Mot.") (Doc. No. 24), which includes the plaintiff's proposed First Amended Complaint (hereafter, "Proposed Am. Compl.") (Doc. No. 24, Ex. A).[1]  The defendant opposes the motion.

---

[1] The plaintiff did not supply the court with a red line reflecting changes between the original Complaint and the proposed amended Complaint.  The court reminds the plaintiff of the Local Rules governing motions to amend pleadings: "Any motion to amend a party's pleading under Fed.R.Civ.P. 15(a) that requires leave of court shall (1) include a statement of the movant that: (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or (ii) despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s), and (2) in cases in which the movant is represented by counsel, **be accompanied by both a redlined version of the proposed amended pleading showing the changes proposed against the current pleading** and a clean version of the proposed amended pleading."  See D. Conn. L. Civ. R. 7(f).

1

Defendant's Opposition to Plaintiff's Motion for Leave to Amend the Complaint. (hereafter, "Def.'s Opp.") (Doc. No. 25).

For the reasons that follow, the court grants in part and denies in part the Motion.

## II.    BACKGROUND

The plaintiff alleges, <u>inter alia</u>, that the defendant subjected the plaintiff to racial discrimination, a hostile work environment, and retaliation therefrom, in contravention of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 2000e, during the course of plaintiff's employment with the defendant. The plaintiff further alleges that the defendant subjected the plaintiff to negligent supervision and intentional infliction of emotional distress, in contravention of Connecticut state law as articulated under the Connecticut Fair Employment Practices Act, C.S.C.A. sections 46a-60, et seq. <u>See</u>, <u>generally</u>, Notice of Removal.[2]

On August 16, 2024, the plaintiff filed his initial Complaint in the Connecticut Superior Court for the Judicial District of Hartford, which the defendant thereby removed to this District on September 25, 2024. Notice of Removal. The defendant filed its Answer and Affirmative Defenses to the initial Complaint on October 10, 2024. Defendant's Answer (Doc. No. 12). On November 13, 2024, the parties filed their Joint Rule 26(f) Report of Parties (Doc. No. 13). On November 18, 2024, this court issued a Scheduling Order setting the deadline for the plaintiff to amend the Complaint no later than November 22, 2024. Scheduling Order Regarding Case Management Plan (Doc. No. 14). The Order stated that "[a]ny motion to amend. . . filed after [this] date will be

---

[2] Plaintiff's original Complaint was filed as part of defendant's Notice of Removal (Doc. No. 1).

governed by the good cause standard of Fed.R.Civ.P.16(b)."[3]  Id.  This same Order set a discovery deadline of June 2, 2025.  Id.  On June 6, 2025, the plaintiff filed this instant Motion, to which the defendant objects.  Supra, Part I.

### III.   LEGAL STANDARD

A party may amend its pleadings once "as a matter of course."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Id. at 15(a)(2).  However, "[t]he liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases."  6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.).  Indeed, "it is within the sound discretion of the district court to grant or deny leave to amend."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

The liberality of Rule 15(a) "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause."  Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003).  "A finding of good cause depends on the diligence of the moving party."  Id.  It is also appropriate to deny leave to amend where a proposed amendment is futile, that is, the proposed amendment could not withstand a motion to dismiss.  Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002).  Because a scheduling order is in place, the plaintiff must show good cause, that is, that he acted with the requisite diligence, in order to amend his Complaint more than six months after the deadline set by this court.

---

[3] See Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")

3

## IV. DISCUSSION

### A. Good Cause

The defendant argues the plaintiff lacks good cause to grant leave to amend the Complaint. As previously stated, the good cause inquiry depends on the diligence of the movant. Grochowski, 318 F.3d at 86. A movant has failed to act with requisite diligence where "the information supporting the proposed amendment to the complaint was available to the moving party even before she filed suit." Parker v. Columbia Pictures Indus., 204 F.3d 326, 341 (2d Cir. 2000) (quoting Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)).

Here, the plaintiff seeks to enlarge the claims underlying his initial Complaint in part by including facts related to the termination of his employment on or about October 21, 2024. Pl.'s Mot. at 1. The plaintiff's termination occurred more than a month before this court's deadline to amend his pleadings. The plaintiff advances no rationale as to why he waited seven months to amend his Complaint with an adverse employment action known to him in advance of the Scheduling Order's deadline. However, given the plaintiff seeks in this part of the Motion to merely address factual allegations known to the defendant, the court will permit amendment of the Complaint to add these factual allegations regarding the termination.

In addition to allegation of facts related to the plaintiff's termination, the defendant claims that the plaintiff seeks to enlarge his claims by advancing a new theory of liability: discrimination on the basis of age. The court observes that an allegation related to age does in fact appear in the plaintiff's original Complaint, which states in relevant part, "The conduct was based upon a policy of the defendant to discriminate against employees based upon their age, or for complaining about discrimination in the

4

workplace." Notice of Removal at 6, ¶ 9.[4]  For purposes of the instant Motion, the court declines to conclude whether age is a ground upon which the plaintiff seeks to amend the Complaint.

    B.    <u>Futility</u>

The defendant also argues that the plaintiff has failed to exhaust his administrative remedies as required by each statute under which the plaintiff brings this action.  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P.12(b)(6)."  <u>Lucente</u>, 310 F.3d at 258.  Clear non-exhaustion of administrative remedies is an appropriate basis for a court to grant a motion to dismiss. <u>Buon v. Spindler</u>, 65 F.4th 64, 414 Ed. Law Rep. 470, 115 Fed. R. Serv. 3d 733 (2d Cir. 2023) (trial court properly dismissed certain discrimination claims on the basis that the plaintiff had failed to exhaust her EEOC administrative remedies).

---

[4] Though declining to speculate on the merits of the age discrimination claim itself, the court is puzzled by the pleadings connected to it.  It appears that, in both the original and proposed amended Complaints, there are no factual allegations supporting a claim of age discrimination specifically.

For example, both the original and proposed amended Complaint discuss race and the plaintiff's African American heritage multiple times.  <u>See</u>, e.g., "Plaintiff is the first African American President of Carpenters Local 326" and "Ernest Pagan, first African American President of Carpenters Local 326, was outspoken and committed to defendant's diversity, equity and inclusion programs. . . Pagan had publicly complained about offensive and racial [sic] insensitive working conditions."  Notice of Removal at 6-7. The plaintiff further alleges that, "Plaintiff is the first African American President of Carpenters Local 326," and the defendant "ultimately terminated the plaintiff based upon his race or complaints about discrimination."  Pl.'s Mot. at 5, 6.

Age comes up only once in the original Complaint and twice in the proposed Amended Complaint in cursory fashion:  In his proposed Amended Complaint, the plaintiff states in paragraph 4 that "[t]he defendant's treatment of the plaintiff was due to or motivated by plaintiff's race, color, age or in retaliation for his complaints about unlawful conduct," and in paragraph 9 that, "[t]he conduct was based upon a policy of the defendant to discriminate against employees based upon their age, or for complaining about discrimination in the workplace."  Pl.'s Mot. at 5, 6.  Age-related pleadings appear just once in the plaintiff's original Complaint, in paragraph 9, stating, as that same paragraph does in the proposed Amended Complaint that, "the conduct was based upon a policy of the defendant to discriminate against employees based upon their age, or for complaining about discrimination in the workplace."  Notice of Removal at 6.

5

To bring a claim under the CFEPA, an individual must first exhaust his administrative remedies. See Conn. Gen. Stat. § 46a-100; see also, Anderson v. Derby Board of Education, 718 F.Supp.2d 258, 271 (D. Conn. 2010) ("It is axiomatic that a plaintiff who fails to follow the administrative route that the legislature has prescribed for her [CFEPA] claim of discrimination lacks the statutory authority to pursue that claim in court."). The same is true of claims sounding in violations of the ADEA[5] or Title VII. An employee may not bring an ADEA or Title VII claim in federal court before first filing a charge with the EEOC. Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). Plaintiff states in his proposed Amended Complaint that he "has exhausted his administrative remedies prerequisite to suit and has received a Release of Jurisdiction from the Connecticut Commission on Human Rights and Opportunities and a Right to Sue Letter from the Equal Employment Opportunities Commission." Pl.'s Mot. at 8. However, in neither agency petition did the plaintiff indicate discrimination on the basis of age as underlying his discrimination claims. See CHRO Complaint; EEOC Notice of Charge of Discrimination, both attached to Def.'s Opp. (Doc. No. 25-1).

The plaintiff's theory of discrimination on the basis of age is not reasonably related to his race discrimination claim such that he is relieved of the duty to exhaust his administrative remedies. The operative inquiry of relatedness is whether the administrative agencies would have been on notice to investigate facts underlying the separate claim. See Deravin v. Kerik, 335 F.3d 195, 200–01 (2d Cir. 2003). "We have recognized, however, that claims that were not asserted before the EEOC may be

---

[5] As defendant states in their Opposition, Def.'s Opp. at 2, fn 2, the plaintiff does not explicitly allege a violation of the ADEA. However, for purposes of discussing plaintiff's age-related claim, the court notes the ADEA's administrative exhaustion requirement for purposes of completeness, regardless of whether plaintiff specifically intended to invoke ADEA as grounds for his age-related claim.

6

pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency. A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." Id; see also, Pleau v. Centrix, Inc., 501 F. Supp. 2d 321, 326 (D. Conn. 2007) (describing Second Circuit precedent that claims alleging discrimination based on a different protected class than that asserted in the administrative filings are not reasonably related).

Given the lack of relatedness between the age discrimination claim and plaintiff's race discrimination claim, this court concludes that the plaintiff has failed to exhaust his administrative remedies before pursuing the age discrimination action. For that reason alone, amendment is futile.

## V.    CONCLUSION

For the reasons stated above, the court grants in part and denies in part the plaintiff's Motion to Amend the Complaint (Doc. No. 24). Plaintiff is ordered to file an Amended Complaint consistent with this Ruling within 14 days of the Order.


**SO ORDERED.**

Dated at New Haven, Connecticut, on this 25th day of July 2025.

                                                      /s/ Janet C. Hall
                                                      Janet C. Hall
                                                      United States District Judge